IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40265
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

HUGO CASTILLO-CHAVEZ,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B:97-CR-480-1
- - - - - - - - - -

March 16, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Hugo Castillo-Chavez appeals the sentence he received after he pleaded guilty to illegal entry into the United States after having been deported.  The record does not support Castillo's argument that the district court mistakenly believed it could not depart downwardly based on Castillo's purported assimilation into this country.  Thus, this court lacks jurisdiction to review that issue.  See United States v. Palmer, 122 F.3d 215, 222 (5th Cir.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1997).  Further, Castillo is not entitled to a downward departure

based on the quantity of drugs involved in his prior convictions. See U.S.S.G. § 2L1.2(b)(1)(A), comment. (n.5); <u>Koon v. United States</u>, 518 U.S. 81, 92 (1996).  Lastly, Castillo's argument that his prior convictions for possession of drugs do not qualify as aggravated felonies for purposes of § 2L1.2 identifies no error, plain or otherwise.  <u>See</u> <u>United States v. Rodriquez</u>, 15 F.3d 408, 414 (5th Cir., 1994); <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 693 (5th Cir. 1997).

AFFIRMED.